UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TAMKO BUILDING PRODUCTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:09CV1401 CDP |
| FACTORY MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant Factory Mutual Insurance Company has moved to stay this litigation and compel an appraisal. Plaintiff TAMKO Building Products opposes the motion and argues that its claims against Factory Mutual for breach of contract and vexatious refusal to pay should proceed. For the reasons stated below, I will stay this case pending the completion of an appraisal of TAMKO's business interruption loss.

## Background

TAMKO manufactures building materials. In September of 2008 the roof of one of its manufacturing plants collapsed, forcing it to suspend operations for approximately three weeks. TAMKO submitted a proof of loss to its insurer, Factory Mutual, in November of the same year for damage to the plant, the

inventory, and for "Time Element Loss." In total, TAMKO claimed $3 million in damages with $2.8 million designated as time element, or business interruption, loss. Factory Mutual does not dispute that the policy covers TAMKO's claims and only disagrees with the amount of TAMKO's business interruption loss. Factory Mutual has agreed to pay TAMKO's claim of $181,516 for damage to the plant and inventory.[1]

TAMKO submitted its claim for business interruption loss in November of 2008. Factory Mutual requested various documents verifying TAMKO's claim periodically until August 31, 2009 – a period of approximately nine months. TAMKO argues that Factory Mutual used its requests for information to delay paying its claim, rather than as a good faith attempt to verify the amount that TAMKO claimed. The policy limited the time to file a legal action arising from a claim to one year from the time of injury. Shortly before this time was to expire, the parties held a final meeting on August 31, 2009, but failed to reach an agreement. TAMKO insists that its business interruption loss was approximately $2.5 million, while Factory Mutual asserts that TAMKO's loss did not exceed the policy's deductible of $1,000,000.

On September 2, 2009, TAMKO filed its complaint in this action claiming

---

[1] It is unclear whether Factory Mutual has paid that amount, or has only agreed to pay it.

breach of contract and vexatious refusal to pay. On the same day, Factory Mutual sent a letter to TAMKO offering to toll the time within which TAMKO could file suit and demanding an appraisal according to the terms of the insurance policy.

The policy provides that either party may demand an appraisal if the parties fail to agree on the amount of loss. The policy provides that each side must select a "competent and disinterested appraiser" and then:

> The appraisers will first select a competent and disinterested umpire. If the appraisers fail to agree upon an umpire within 30 days then, on the request of the Insured or the Company, the umpire will be selected by a judge of a court of record in the jurisdiction in which the appraisal is pending. The appraisers will then appraise the amount of loss, stating separately the Actual Cash Value and replacement cost value as of the date of loss and the amount of loss, for each item of physical loss or damage or if, for TIME ELEMENT loss, the amount of loss for each TIME ELEMENT coverage of this Policy.
>
> If the appraisers fail to agree, they will submit their differences to the umpire. An award agreed to in writing by any two will determine the amount of loss.

Def. Mem. Supp. Mot. Stay, Exh. 3 at 58-59. The policy also provides that no suit "will be sustained" unless the insured has complied with the policy provisions. Factory Mutual requests a stay while the parties complete an appraisal.

### A. Applicability of Missouri's Uniform Arbitration Act

In opposing Factory Mutual's motion to stay, TAMKO argues that the Missouri Uniform Arbitration Act applies to the appraisal provision in the parties'

insurance policy and makes it unenforceable. Missouri's Arbitration Act makes arbitration provisions in insurance contracts unenforceable. *See* Mo. Ann. Stat. § 435.350 (West 2009); *Standard Security Life Ins. Co. of New York v. West*, 267 F.3d 821, 824 (8th Cir. 2001). Therefore, if TAMKO is correct, and the Act governs appraisals as well as arbitrations, then the appraisal provision at issue in this case would be unenforceable.

Traditionally, Missouri courts have distinguished arbitration and appraisal. *See Sholz v. Mills*, 158 S.W. 696, 702 (Mo. Ct. App. 1913) ("[A]n appraisement under the terms of this lease is technically not an arbitration [and not] governed by the rules applicable to arbitrations."). Nonetheless, TAMKO argues that the passage of the Arbitration Act has displaced the traditional rule and that authority from other jurisdictions supports its view. Courts "must follow the announced state law in a diversity action unless there are very persuasive grounds for believing that the state's highest court no longer would adhere to it." *Smith v. Chemical Leaman Tank Lines, Inc.*, 285 F.3d 750, 755 (8th Cir. 2002) (quotations omitted).

Missouri courts have found, both before and after the legislature adopted the Uniform Arbitration Act, that the Act does not determine the enforceability of appraisals. *See Carondelet Health Sys. v. Royal Gardens Assoc.*, 943 S.W.2d 669,

672 (Mo. Ct. App. 1997) (citing *Sholz*, 158 S.W. at 702). In addition, other jurisdictions are split on the issue and do not provide uniform support for TAMKO's position.[2] Not only are state courts split, but federal courts also disagree on the same issue when interpreting the Federal Arbitration Act. *Compare Fit Tech v. Bally Total Fitness Holding Corp.*, 374 F.3d 1 (1st Cir. 2004) *with Hartford Lloyd's Ins. Co. v. Teachworth*, 898 F.2d 1058 (5th Cir. 1990). Courts on both sides have articulated reasonable bases for finding that arbitration statutes alternatively do or do not govern appraisals. *See Friday v. Trinity Universal of Kansas*, 939 P.2d 869 (Kan. 1997); *In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193 (Tex. 2002). Based on this, and absent evidence that

---

[2] Of the states that have adopted the Uniform Arbitration Act and also addressed the issue of whether the Act applies to appraisals, the states that find the Act applies are: Arizona, Delaware, Washington, D.C., Florida, Kansas, Maryland Pennsylvania, and Nebraska. *See Meineke v. Twin City Fire Ins. Co.*, 892 P.2d 1365 (Ariz. Ct. App. 1994); *Wojdak v. Greater Philadelphia Cablevision*, 664 A.2d 587 (Pa. Super. Ct. 1995); *Washington Automotive Co. v. 1828 L Street Assoc.*, 906 A.2d 869 (D.C. 2006); *Liberty Mut. Fire Ins. Co. v. Hernandez*, 735 So.2d 587 (Fla. Dist. Ct. App. 1999); *Friday v. Trinity Universal of Kansas*, 939 P.2d 869 (Kan. 1997); *Aetna Cas. & Sur. Co. v. Insurance Com'r*, 445 A.2d 14 (Md. 1982); *McGourty v. Pennsylvania Millers Mut. Ins. Co.*, 704 A.2d 663 (Pa. Super. Ct. 1997); *Rawlings v. Amco Ins. Co.*, 438 N.W.2d 769 (Neb. 1989). The states that find that the Act does not apply to appraisals are: Illinois, Indiana, and Texas. *See FTI Intern., Inc. v. Cincinnati Ins. Co.*, 790 N.E.2d 908 (Ill. App. Ct. 2003); *Atlas Const. Co., Inc. v. Indiana Ins. Co., Inc.*, 309 N.E.2d 810 (Ind. Ct. App. 1974); *In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193 (Tex. 2002). Minnesota and Tennessee have cases that support both sides of the issue. *See J. Wise Smith and Assoc. v. Nationwide Mut. Ins., Co.,* 925 F. Supp. 528 (W.D. Tenn. 1995); *Merrimack Mut. Fire Ins. Co. v. Batts*, 59 S.W.3d 142 (Tenn. Ct. App. 2001); *David A. Brooks Enterprises v. First Systems Agencies*, 370 N.W.2d 434 (Minn. Ct. App. 1985); *Johnson v. Mutual Service Cas. Ins. Co.*, 732 N.W.2d 340 (Minn. Ct. App. 2007).

Missouri, in particular, intends to reconsider its position, TAMKO has not shown sufficiently persuasive reasons to believe that Missouri intends to deviate from its longstanding position on this issue. Therefore, the appraisal provision in this contract is not subject to Missouri's Arbitration Act and so the Act does not bar enforcement of the appraisal provision.

### B. Waiver and Estoppel

The parties do not dispute that, under the terms of the policy, a properly demanded appraisal prohibits a party from instituting a legal action. *Accord Harris v. American Modern Home Ins.*, 571 F.Supp.2d 1066, 1081 (E.D. Mo. 2008) (holding that an appraisal provision is a valid precondition to filing a suit on an insurance policy under Missouri law). Although Factory Mutual has demanded an appraisal, TAMKO argues that this action is not premature because Factory Mutual waived its right to an appraisal and should be estopped from asserting that right.

### 1. Waiver

First, TAMKO argues that Factory Mutual has waived its right to demand an appraisal by waiting nearly a year before making its request. Under Missouri law, waiver is the intentional relinquishment of a known right by one of the parties to a contract. *Brown v. State Farm Mut. Auto. Ins. Co.*, 776 S.W.2d 384, 387 (Mo.

1989) (en banc).  If waiver is implied from conduct, "[t]he conduct must be so manifestly consistent with and indicative of an intention to renounce a particular right or benefit that no other reasonable explanation is possible."  *MCI Metro Access Transmission Servs. v. City of St. Louis*, 941 S.W.2d 634, 640 (Mo. Ct. App. 1997) (internal quotation marks and quoted case omitted).

Factory Mutual never expressly waived its right to demand an appraisal and never formally denied TAMKO's claim.  Therefore, if it waived its right, it must have done so by its conduct.  Throughout the dispute, Factory Mutual requested information regarding TAMKO's business interruption loss – allegedly to verify TAMKO's estimate.  Although the length of this verification process could indicate that Factory Mutual had intended not to pursue the appraisal process, its conduct is not so consistent with an intent to waive its right to an appraisal that no other reasonable explanation is possible.  The contract in this case provides for appraisal after the parties "fail to agree."  It was not until the August 31 meeting that the parties finally reached an impasse regarding the amount of loss.  Having failed to agree, Factory Mutual invoked the appraisal provision in less than a week.  While from TAMKO's perspecive this could be viewed as delaying until two days before its deadline to file suit, the conduct can just as reasonably be viewed as showing that Factory Mutual did not want to demand an appraisal until

it was clear that the informal negotiations would not resolve the parties' dispute. This conduct is not "manifestly consistent" with an intent to waive Factory Mutual's rights to demand an appraisal. Consequently, I do not find that Factory Mutual waived its right to demand an appraisal.

2.  **Estoppel**

Second, TAMKO argues that Factory Mutual should be estopped from demanding an appraisal. Under Missouri law, the elements of estoppel are "(1) an admission, statement or act inconsistent with the claim afterwards asserted . . . (2) action by the other party on the faith of such admission, statement or act, and (3) injury to such other party, resulting from allowing the first party to contradict or repudiate the admission, statement, or act." *Brown*, 776 S.W.2d at 388 (quoted case omitted). Estoppel can arise "from the unfairness of permitting a party to belatedly assert rights if he knew of those rights but took no steps to enforce them until the other party has, in good faith, become disadvantaged by changed conditions." *Stenger v. Great Southern Sav. and Loan Ass'n*, 677 S.W.2d 376, 383 (Mo. Ct. App. 1984) (citing *Missouri Fed'n of Blind v. National Fed'n of Blind of Mo.*, 505 S.W.2d 1, 9-10 (Mo. Ct. App. 1973)).

As noted in the discussion regarding waiver, Factory Mutual did not act inconsistently with its later demand for appraisal and has not denied that the loss is covered by the policy. This disposes of the estoppel argument, because TAMKO

cannot satisfy the first element of its claim for estoppel. In addition, TAMKO has not shown that it relied on Factory Mutual's actions to its disadvantage. The only reliance claimed by TAMKO is that it spent money to file this suit. This is not sufficient reliance, given that TAMKO also alleged vexatious refusal to pay, and TAMKO would have spent the same amount of money to file a suit if that were the only allegation. This is not sufficient reliance to support a claim for estoppel and Factory Mutual is not estopped from demanding an appraisal.

## Conclusion

For the reasons stated above, under Missouri law, an appraisal provision in an insurance contract is not subject to the Missouri Arbitration Act and is enforceable. Factory Mutual has not waived its right to demand an appraisal. The appraisal will not necessarily resolve all of TAMKO's claims. TAMKO argues that the vexatious refusal to pay claim should go forward at the same time as the appraisal, but I do not believe that is in the interests of judicial economy. I will therefore stay the entire case.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to stay the litigation [# 8] is GRANTED and this case is STAYED until further order. The parties shall notify the Court within seven (7) days of completion of the appraisal. Unless

otherwise ordered, defendant shall file its answer in this case no later than twenty-one (21) days after completion of the appraisal.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of December, 2009.